**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-00227-RBJ

**LYLE BYRUM**,

       Plaintiff,

v.

**WELLS FARGO BANK, N.A.**,

       Defendant

**PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

      Plaintiff Lyle Byrum ("Plaintiff"), by and through his undersigned counsel, hereby submit this Protective Order Concerning Confidential Information (the "Order").

      1.     In this above action (the "Action"), Plaintiff Lyle Byrum ("Plaintiff"), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Plaintiff and Wells Fargo are singularly a "Party" and collectively the "Parties"), and nonparties may disclose documents and information: (1) constituting or containing financial, tax, and other personally identifiable information relating thereto. For purposes of this Order, this information shall be referred to as "Confidential Information."

      2.     The Party or non-party that in good faith believes the documents and information contain Confidential Information and produces or discloses the Confidential Information shall be the "Designating Party."

      3.     Confidential Information may include:

         a.    Information set forth in response to discovery requests, including initial disclosures and in response to a subpoena;

         b.    Information set forth in documents produced in response to a request for production;

         c.    Information disclosed during depositions;

         d.    Individual's social security numbers and/or dates of birth;

         e.    Any other information disclosed by the Designating Party to any other Party, directly or through its counsel, that the Designating Party claims in good faith to be Confidential Information, if the Designating Party, before disclosure to another Party, marks the Confidential Information with the label or stamp as set forth in Paragraph 4 below. If the Confidential

        Information is in oral or other intangible form, the Designating Party shall identify the information as Confidential Information and, if practical, within thirty days after disclosure reduce the Confidential Information to written form with one of the labels or stamps set forth in Paragraph 4 below; and

        f.    Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (e) above.

    4.    Documents that contain Confidential Information set forth in Paragraph 3(d) do not have to be designated, stamped or labeled as confidential and are exempt from the provisions of Paragraph 5 herein.  A Party's or any individual's social security numbers and/or dates of birth will constitute Confidential Information that shall be protected by all Parties without such confidential designation.

    5.    Documents that contain Confidential Information, other than the confidential information set forth in paragraph 3(d), shall be stamped or labeled.

## **CONFIDENTIAL**

    6.    Deposition testimony that contains Confidential Information may have that information designated as such in one of the following two ways:

        a.    If counsel, the witness, or the Party or non-Party whose Confidential Information is to be or was disclosed, states on the record at the deposition that the relevant portion of the deposition is to be treated as Confidential Information.

        b.    Alternatively and additionally, a Party or non-party may designate Confidential Information within the transcript by providing, in writing and within thirty (30) calendar days of the completion of the transcript of the deposition (as certified by the court reporter), a page and line designation of the Confidential Information.  Before the expiration of thirty (30) days from the completion of the transcript of the deposition, all Parties will treat all deposition transcripts as Confidential Information.  After any written designation, each Party shall be responsible for marking copies of the deposition transcript in their possession with the label or stamp set forth in this Paragraph.

    7.    An inadvertent failure to designate documents and information as "Confidential Information" shall not constitute a waiver of a claim of confidentiality and shall be corrected by prompt supplemental written notice designating the documents and information as "Confidential."  The Designating Party and Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraph 5, with the Designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement.  A written notice shall identify with specificity the information or documents that contain Confidential Information.  In addition, the Party receiving the Confidential Information shall use its best efforts to immediately retrieve any inadvertently disclosed Confidential Information from any persons to whom it gave Confidential Information and who is not otherwise entitled to see the Confidential Information.  Any dispute regarding corrected designations that the Parties are

unable to resolve pursuant to Paragraph 8 herein shall be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

8. An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. In such an event, pursuant to the Model Rules of Professional Conduct 4.4(b) and (c), all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this document and withdraw this document from any use in the above referenced lawsuit. Any Party discovering the inadvertent or mistaken produced shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made. Within ten (10) business days after receiving a written request to do so, the receiving Party of those documents shall return to the producing Party any documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information. Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve pursuant to Paragraph 8 herein shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

9. At any time after the designation of material as "Confidential," counsel for any Party may challenge the "Confidential" designation by providing written notice to counsel for the Designating Party of the documents being challenged and basis for the challenge. If the Designating Party does not agree to withdraw the "Confidential" designation, the challenge may be raised by a motion to the Court. The Parties agree to meet and confer to try and resolve the dispute on an informal basis before presenting the dispute to the Court. The Designating Party bears the burden of justifying the "Confidential" designation and may oppose the motion. The Court is empowered to determine whether the "Confidential" designation applies. The "Confidential" designation shall be maintained until the Court rules on the motion.

10. Confidential Information may not be disclosed to any person other than:

a. the Court as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the Parties;

b. copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the action;

c. the Parties and their employees who have a need to know about the information;

      d.      in-house and outside attorneys for the Parties, and those attorneys' respective employees;

      e.      court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information;

      f.      experts or consultants of a Party, provided the requirements of Paragraph 11 of this Order are met;

      g.      insurers of the Parties, and counsel for insurers of the Parties; and,

      h.      a non-party witness who may be examined and may testify concerning Confidential Information if it appears on its face or from other documents that the witness is the author or recipient of the Confidential Information or if there is a good faith, legitimate basis for examining the non-party witness concerning the Confidential Information.

11. Before a Party discloses Confidential Information to any expert or consultant, the expert or consultant must certify that he or she has read this Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as <u>Exhibit A</u>. Once a person who signed the "Certificate" terminates his or her services in this Action, he or she shall return all Confidential Information to the Party that retained him or her or execute a written representation stating that the person has securely destroyed the Confidential Information. Once a person has terminated services in this Action, he or she will no longer be allowed access to Confidential Information unless he or she executes a new "Certification." Each "Certification" shall be retained by counsel who obtained it, and need not be produced to the Designating Party during the Action, except as necessary in the case of a dispute concerning a violation of this Order. Within ten (10) business days after the final conclusion of the Action, whether by dismissal, judgment, or settlement, counsel retaining executed Certifications shall deliver to Designating Parties from whom they have obtained Confidential Information true and correct copies of all Certifications for use by Designating Parties to enforce the terms of this Order or counsel shall retain the Certifications in its records and files consistent with its firm's document retention policies. By executing this Order, counsel agree to produce executed copies of the Certifications to the Designating Party within ten (10) business days upon receipt of a request. Expert and consultants shall not be allowed to retain copies of the Confidential Information, unless otherwise agreed or ordered.

12. Nothing in this Order shall prohibit a Party, or its counsel, from disclosing a document designated as Confidential Information to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

13. Confidential Information shall be used only for the purposes of this Court. Confidential Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the Parties to this Order, or by order of this Court.

14. Confidential Information shall not be disclosed or used by persons other than those permitted access under Paragraph 10.

15. Each individual who receives any Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

16. The recipient of any Confidential Information shall maintain the information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Order.

17. Only persons authorized to receive or view Confidential Information shall be permitted to attend portions of depositions during which Confidential Information is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

18. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any of the testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any testimony designated as Confidential Information will be retained in absolute confidence and safekeeping by the reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court.  The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations

19. If any party wishes to file a document with the Court that contains or discloses material designated as Confidential Information by the opposing party under the terms of the Protective Order, the filing party shall first send a copy of the proposed filing to the opposing party who shall be an afforded a reasonable opportunity to respond in writing to the other party and/or the Court before the filing thereof.

20. "Confidential Information" shall not include information or documents that are or become, without violating this Order and apart from production or disclosure in this Court, a matter of public record or publicly available by law or otherwise, or that was already lawfully in the possession of the Party and was not acquired under any obligation of confidentiality.

21. Nothing in this Order shall prevent a Designating Party from using information it designates as Confidential Information in any manner it desires.

22. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential Information as that Party may consider appropriate.

23. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Court, including all appeals, unless otherwise agreed or ordered.  Within ninety (90) days of the conclusion of the Court, including time for all appeals, each Party shall destroy all Confidential Information provided by

other Parties.  Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contain Confidential Information, provided they do not disclose the Confidential Information or use it for any purpose unrelated to this action except as permitted by order of this Court or agreement with the Designating Party.  Similarly, insurers shall be entitled to retain Confidential Information, provided they do not disclose it or use it for any purpose unrelated to this action except as permitted by order of this Court or agreement with the Designating Party.  Each Party shall certify in writing that all of the material has been destroyed and serve the certification on all other Parties within the time permitted for destruction.

24. If any Party or person subject to this Order receives a court order, subpoena or other process demanding production on Confidential Information, that person or Party shall promptly notify the attorneys of the Designating Party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected.  The Designating Party shall have the burden of defending against the subpoena, process, or order.  The Party served the discovery request, subpoena or other process shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than ten (10) business days after notice) to object has been given, be entitled to comply with the subpoena, discovery request or other process order except to the extent the Designating Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, discovery request or other process or to the extent the filing of the motion to modify, stay or quash the subpoena, discovery or other process stays the Party's obligation to comply with the request.  If the return or response date for the subpoena or the compliance date for any order is less than ten business days after service, the Party receiving the subpoena or order shall:  (1) request an extension of the return or compliance date; and (2) advise the Designating Party immediately of the return or compliance date.

25. By submitting to this Order, the Parties have not waived any applicable privilege or work product protection.  Nor does this Order affect the ability of a Party to seek relief for inadvertent disclosure of privileged documents and information.

26. The agreement to the designation of Confidential Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of the information.  The designation of Confidential Information is not admissible before any trier of fact.

27. This Court retains jurisdiction even after termination of this action to enforce this Order and to make deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time.  Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

Dated: March 9, 2015

*R. Brooke Jackson*
R. Brooke Jackson
U.S. District Court Judge

**[INTENTIONAL PAGE BREAK – CONSENT PAGE FOLLOWS]**

APPROVED:

**MOYE WHITE LLP**

*/s/ William F. Jones*
William F. Jones, #35294
1400 16th Street, 6th Floor
Denver, CO 80202
Telephone: (303) 292-2900
Fax: (303) 292-4510
billy.jones@moyewhite.com

*Counsel for Plaintiff Lyle Byrum*