IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00227-RBJ

LYLE BYRUM,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

---

## ORDER

---

    Plaintiff moves (1) for an enlargement of time to designate experts and (2) for leave to amend his complaint.  Both motions are opposed.  For the reasons discussed below, the motion for enlargement of time is granted in part and denied in part.  The motion for leave to amend is granted.

## BACKGROUND

    Lyle Byrum's Verified Complaint against Wells Fargo Bank, N.A. was filed in the Eagle County, Colorado District Court on December 24, 2013.  After the case was removed to this Court on diversity of citizenship grounds, and while defendant's first motion to dismiss was pending, plaintiff filed an Amended Complaint.

    In his Amended Complaint [ECF No. 12] Mr. Byrum alleged that in January 2008 his representative asked a Wells Fargo loan officer in Edwards, Colorado to help locate a residential property in Eagle County that Mr. Byrum could purchase for investment purposes.  The loan

1

officer recommended that Mr. Byrum purchase a property in Cordillera, a development that featured such amenities as golf courses, restaurants, a health club and horseback riding – the "premier community in Eagle County."  The bank made a loan to Mr. Byrum, and it arranged for another lender, Alpine Bank, to finance the payment of a $125,000 membership fee in the Cordillera Property Owners Association.

According to Mr. Byrum, the bank knew but failed to tell him that the Association and the golf club had been involved in litigation over misappropriation of funds since 2004.  The loan officer also failed to tell him that upon signing the loan agreement Mr. Byrum's credit score would be reduced by as much as 100 points.  The loan officer did tell him that he would be able to refinance the purchase when interest rates decreased.

In August 2012 Mr. Byrum applied for refinancing.  While the application was pending, Mr. Byrum learned that certain parts of the Cordillera community were filing for bankruptcy, and that the value of his property had dropped.  Ultimately, despite several assurances that the refinancing would be approved, a Wells Fargo private banking officer notified Mr. Byrum in February 2013 that his application was denied.  He alleges that he was given two reasons for the denial.  First, his credit score, which had been 780 when his loan was approved, had fallen below the bank's 700 point minimum.  Second, the decline in value of his property put the loan to value ratio outside the bank's requirements.

Mr. Byrum then applied for a loan modification.  In May 2013 he was informed that the modification was not approved because requested information was not provided within the required timeframe.  Mr. Byrum applied again for a loan modification in August 2013, and he claims that he provided all information requested.  Nevertheless, in September 2013 the

2

modification was denied, again ostensibly because requested information was not provided within the required timeframe.

Based upon these alleged facts, Mr. Byrum asserted six claims in his Amended Complaint; (1) fraudulent concealment, (2) breach of the implied duty of good faith and fair dealing, (3) negligence, (4) negligent misrepresentation, (5) violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-105, and (6) violation of C.R.S. § 38-40-105 (concerning prohibited acts by mortgage lenders). *Id.*

In March 2014 the bank moved for dismissal of plaintiff's claims in the Amended Complaint to the extent they were based upon his credit score and negligence. ECF No. 13. Following briefing, the Court denied the motion by minute order entered August 12, 2014. ECF No. 21. In that order the Court found that defendant's arguments were "riddled with fact disputes." However, the Court also questioned the wisdom of asserting a multitude of claims and suggested that the plaintiff should reassess each claim and voluntarily dismiss any that it determined to be marginal and unnecessary. *Id.*

During a scheduling conference on August 13, 2014 the parties agreed to various deadlines, all of which were reflected in a Scheduling Order issued on the same date. ECF No. 24. These included deadlines for designation of plaintiff's expert witnesses (November 28, 2014); designation of defendant's expert witnesses (February 27, 2015); designation of rebuttal experts (March 25, 2015); amendment of the pleadings (May 1, 2015); completion of discovery (May 1, 2015); and the filing of dispositive motions (June 5, 2015). *Id.* at 7-9. The parties also agreed, and the Scheduling Order provides, that each party would be limited to two expert

witnesses.  *Id.* at 8.  The Court set a final pretrial (trial preparation) conference on July 29, 2015 and a five-day jury trial to begin September 14, 2015.

On September 5, 2012 the plaintiff filed his Second Amended Complaint.  ECF No. 27. He did not reassert the fraudulent concealment claim but retained claims two through six, renumbered as claims one through five.  *Id.*  On November 17, 2014 plaintiff timely designated his two experts.  ECF No. 49-2.  Specifically he designated:

a.  Don Sternhagen of Kirkwood, Missouri to testify "as to all issues relating to Plaintiff's credit score as a result of the transactions which are the subject of this litigation and which is more specifically set forth in the report attached hereto and incorporated herein as Exhibit "A."

and

b.  Dr. Gene Nini of Boerne, Texas to testify "as to all issues relating to economical damages to Plaintiff as a result of the transactions which are the subject of the litigation and which is more specifically set forth in the report attached hereto and incorporated herein as Exhibit C."

On December 9, 2014 Mr. Byrum's counsel filed an unopposed motion to withdraw, citing an "irreconcilable conflict of interest."  ECF No. 31.  It is not clear from the pending motions when the problems that led to the motion arose.  In the motion to enlarge time for designation of experts, plaintiff states that conflicts arose in early December, 2014.  ECF No. 46 at 1, ¶3.  In the motion for leave to amend, plaintiff states that problems arose in late November, 2014.  ECF No. 52 at 2.  Regardless, the motion was granted, and Mr. Byrum's counsel withdrew.  Mr. Byrum's present counsel entered on January 7, 2015.  ECF Nos. 33-34.

On February 24, 2015 the bank filed a motion to extend the deadline for designation of its expert witnesses from February 27 to March 27, 2015.  ECF No. 37.  The motion represented that the parties were working through a dispute concerning discovery of documents on which plaintiff's experts relied in forming their opinions.  *Id.* at 2, ¶5.  The motion was not opposed, and the extension was granted.  ECF No. 38.  Plaintiff filed the pending motion to enlarge to time to designate his experts on March 27, 2015.  ECF No. 46.  It is not just a motion to extend the deadline, because it also requested leave to designate a third expert witness.  The motion relates that counsel first conferred with defense counsel about designating an additional expert on February 24, 2015, but despite additional communications, agreement had not been reached. The motion has since been fully briefed.

On May 1, 2015 plaintiff filed a motion to amend his complaint [ECF No. 52], again after unsuccessfully seeking the defendant's agreement.  The proposed Third Amended Complaint would add three additional plaintiffs and reconstitute plaintiff's claims as follows: (1) fraudulent inducement, (2) negligent misrepresentation, (3) negligence, (4) breach of fiduciary duty and the implied duty of good faith and fair dealing, (5) violation of the Colorado Consumer Protection Act, and (6) violation of C.R.S. 38-40-105.  ECF No. 52-1.  Defendant filed a response in opposition.  ECF No. 54.  Because of the Court's view of the motion, the Court is issuing this order before receiving plaintiff's reply, if any.

## RULINGS ON PENDING MOTIONS

### A.  Motion for Extension of Time to Designate Experts [ECF No. 46].

Plaintiff wishes to designate a "credit damage expert," Dean Binder, of Binder Group consulting.  Defendant objects, arguing that the deadline to designate experts has expired, and

there is not good cause to extend it; that this would be a third plaintiff expert, whereas the parties agreed, and the Scheduling Order provides, for two experts per party; that Mr. Binder's testimony would be cumulative of plaintiff's first credit reporting expert; and that designation of an additional expert would cause discovery to be reopened and additional expense to be incurred.

As a general matter, whether a court permits permit designation of an expert after the deadline expires is a matter of discretion. *Newman v. State Farm Fire and Casualty Co.,* 290 F. App'x 106, 115-16 (10th Cir. 2008) (unpublished).  In deciding how to exercise its discretion here, the Court considers each of the defendant's objections.

 1. <u>Untimeliness</u>.

The deadline to designate experts expired four months before the motion was filed. Extensions of time are granted for good cause.  Fed. R. Civ. P. 6(b)(1).  Where, as here, the motion to extend time is made after the deadline has expired, the moving party must show that his failure to act was the result of excusable neglect.  Rule 6(b)(1)(B).  Excusable neglect "requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation,* 493 F.2d 1288, 1290 (10th Cir. 1974).  In the circumstances I find that the untimeliness resulted from excusable neglect.  First, there is no indication of bad faith.  Second, assuming that it was Mr. Byrum's new counsel who identified a need for an additional credit reporting expert, Mr. Byrum has a reasonable basis for not endorsing Mr. Binder by the deadline, since new counsel was not yet on board.

The parties did not expressly focus on Rule 6, instead framing their arguments around the six factors deemed by the Tenth Circuit to be relevant in reviewing decisions concerning whether

to extend or reopen discovery. *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987).[1] To the extent reopening discovery is the issue, those factors do not persuade me to deny the motion. The trial was not imminent when the motion was filed, nor is it imminent today. Mr. Byrum appears to have been diligent in finding new counsel after his original lawyers withdrew, and new counsel appear to have been reasonably diligent in assessing the need for another expert, having raised the subject with defense counsel about seven weeks after entering their appearances. Mr. Byrum cannot be said reasonably to have foreseen the need for another expert on credit reporting at the time that his original counsel endorsed another gentleman on that topic. Expert testimony concerning the workings of credit scores and credit reporting would be relevant under Fed. R. Evid. 702, because it would assist the jury in understanding the issues in the case. I address prejudice to the defendant, the third *Smith* factor and ultimately one of the most important, separately below.

    2. <u>Number of Experts</u>.

    The parties proposed, and the Court ordered, that each side would be limited to two expert witnesses. In a day and age when the high costs of civil litigation are rightly criticized, a reasonable limit on the number of experts, proportional to the case and equally applicable to both sides, is one way to reduce costs.

---

[1] The factors are (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court: (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.*

3. <u>Cumulative Testimony</u>.

Plaintiff argues that Mr. Binder's testimony will not be cumulative of Mr. Sternhagen's

testimony because, "in addition to the effect of the loan structure on Mr. Byrum's credit, he will

testify to the damages that Mr. Byrum suffered as a result thereof.  Mr. Binder will help the jury

understand the complexities in the relationship between Mr. Byrum's credit score and his

damages."  ECF No. 50 at 6.  However, this description on its face appears to be cumulative of

what Mr. Sternhagen was designated to cover.

4. <u>Prejudice to Defendant</u>.

Arguably the bank could be prejudiced in two ways.  First, the bank will inevitably incur

additional litigation expense if a new expert is permitted.  The Court can reduce that expense

somewhat, as discussed below, but it probably cannot completely eliminate it.  Second, to the

extent that the new expert strengthens plaintiff's case, the bank is "prejudiced," just as

everything each side does to strengthen its case by definition is "prejudicial" to the other side.

That type of prejudice is not unfair.  It becomes unfair if the nature or timing of the disclosure of

a witness creates unfairness.

5. <u>Conclusion</u>.

Ultimately I see this as a matter of balancing a number of interests.  The plaintiff has an

interest in having the expert that his lawyer believes to be in his best interest.  The defendant has

an interest in not having the plaintiff's change of counsel result in unfairness to the bank.  The

jury, if the case goes to trial, has an interest in having the best information it can receive to help

it in resolving the dispute.  Adherence to agreements and to the Court's effort to schedule and oversee the case in a reasonable way are interests of their own.

I conclude that the plaintiff should be held to his agreement that each side is limited to two expert witnesses.  Based on the limited information plaintiff has presented, it appears to the Court that the expertise and subject matter of the proposed testimony of Mr. Sternhagen and Mr. Binder is similar.  Accordingly, the Court concludes that the plaintiff may proceed with either one but not both.  If plaintiff elects to proceed with Mr. Binder, then plaintiff must of course comply fully with the disclosure requires of Rule 26.  In addition, defense counsel may, if they wish, take his deposition.

If a deposition of Mr. Binder is taken, the costs of the deposition (other than attorney's fees) must be borne by the plaintiff.  If something in Mr. Binder's report or deposition testimony reasonably requires a supplemental report by a defense expert, then such a supplement may be prepared.  Plaintiff will reimburse defendant for the reasonable fee charged for the preparation of the supplemental report.  If there is a dispute concerning any costs or fees to be shifted to the plaintiff, then after counsel have conferred with success, the dispute may be brought to the Court for hearing and resolution.

### B.  Motion for Leave to Amend Complaint [ECF No. 52].

Plaintiff filed a motion for leave to file a Third Amended Complaint on May 1, 2015. ECF No. 52.  This was the deadline for amendment of pleadings set in the Scheduling Order. ECF No. 24 at 8.  Plaintiff represents that the discovery process made the need to amend apparent.  The proposed pleading amends certain factual allegations but also would add three additional plaintiffs and one additional claim.

1. <u>Additional Parties</u>.

The proposed Third Amended Complaint would add three additional plaintiffs: the Byrum Family Trust, Roberto Tohme, and ATI Jet, Inc. Mr. Byrum is the trustee and a beneficiary of the Byrum Family Trust. He is the president of ATI, a closely held corporation. Mr. Byrum claims that he, the Trust and ATI all became interested in purchasing a residential property in Eagle County, and that the Trust and ATI make some of the payments on the property.

As for Mr. Tohme, his relationship to Mr. Byrum is not clear. Plaintiff claims that he too became interested in purchasing the property, and that he too contributed to the payments. Mr. Tohme (but not the Trust or ATI) is listed as a titled co-owner on the deed of trust. However, two other titled co-owners (DeeAnna Underhill and Robert Phelan) are not named as plaintiffs in the proposed Third Amended Complaint. Plaintiff's theory appears to be that each of the proposed additional plaintiffs relied on information provided by the bank to Mr. Byrum and relayed by him to them; each has lost money due to the decrease in value of the property; and therefore, each should be named as an additional plaintiff, regardless whether they are co-owners of the property.

2. <u>New Claim</u>.

The proposed Third Amended Claim adds a fraudulent inducement claim. A fraudulent inducement claim was asserted in the original state court complaint and again in the (First) Amended Complaint. It was omitted from the Second Amended Complaint but is reintroduced, without further comment, in the new version. The Court's suggestion early in the case that

plaintiff reconsider the multiple-claim method of pleading its case (and the expanded motion practice that inevitably results) has not borne visible fruit.

    3. <u>Defendant's Position</u>.

The bank's response doesn't dwell on the "new" fraudulent inducement claim. Rather, it focuses on the additional parties and voices two broad objections. First, the bank represents that if the amendment is allowed, the Scheduling Order will have to be amended and the trial will have to be vacated while the bank moves to dismiss the claims of the new parties for failure to state a claim. Second, it argues that plaintiff's waiting until the day discovery closed to seek leave to amend lacked reasonable diligence.

    4. <u>Conclusions</u>.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires. This includes a motion to amend that proposes to add a party. *See United States ex rel. Precision Co. v. Koch Industries, Inc.,* 31 F.3d 1015, 1018 (10th Cir. 1994). The Court expects parties to amend their pleadings if information learned during the discovery process requires it.

The Court does not here reach or decide the merits of whether the Trust, ATI or Mr. Tohme is a necessary or appropriate party. Nor does it address the merits of the fraud claim. For pleading purposes only I accept the implied representation that, based on counsel's assessment of the facts as they now believe them to be, the fraud claim and the claims of the additional parties have a basis in fact and law. Absent unfair prejudice, justice favors permitting these parties to assert their claims.

Neither of the bank's arguments suggests that allowing the amendment would cause unfair prejudice.  The Court will extend the dispositive motion deadline to permit the bank to supplement its planned summary judgment motion (*see* ECF No. 55) with a dispositive motion addressed to the three new parties and the fraud claim.  This can be done without vacating the September 14, 2015 trial date.  After counsel have conferred on a schedule for the additional motion, they may either confirm their schedule with Chambers or, if agreement is not reached, set a telephone hearing with the Court.  Regarding the second objection, although defendant correctly notes that the motion was filed on the date of the cutoff of discovery, this was also the date on which motions to amend pleadings was due.  Moreover, according to the plaintiff's motion, the defendant has already engaged in discovery concerning ATI and the Trust.  If additional discovery is reasonably needed, the Court will permit it.  Again, please confer, and if there is a dispute, set a telephone hearing.

## ORDER

1.  Plaintiff's Motion for Extension of Time to Designate Experts [ECF No. 46] is GRANTED IN PART AND DENIED IN PART.

2.  Plaintiff's Motion for Leave to Amend [ECF No. 52] is GRANTED.

DATED this 4th day of June, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge